Jeffrey L. Chase, Esq. (JLC 4476)
Natalie M. Lefkowitz, Esq. (NML 5733)
Shimon Sternhell, Esq. (SS 9783)
**CHASE, KURSHAN, HERZFELD & RUBIN, LLC**
354 Eisenhower Parkway, Suite 1100
Livingston, New Jersey 07039
Telephone:  (973) 535-8840

*Attorneys for Defendant*
*Volkswagen Group of America, Inc.*


## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW JERSEY


| | |
|---|---|
| DAVID VAUTIER,<br><br>     Plaintiff,<br><br>  vs.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC.<br><br>     Defendant. | Civil Action No._____<br><br>*Document electronically filed*<br><br>**NOTICE OF REMOVAL**<br><br>[Previously pending in the Superior Court of New Jersey, Burlington County, Law Division, Docket No. L-839-17] |


**TO: The Judges of the United States District
Court for the District of New Jersey**

   **PLEASE TAKE NOTICE THAT** Defendant Volkswagen Group of America, Inc.

("VWGoA" or "Defendant"), by and through its counsel, Chase, Kurshan, Herzfeld & Rubin,

LLC, respectfully requests that this action be removed from the Superior Court of New Jersey,

Law Division, Burlington County to the United States District Court for the District of New

Jersey pursuant to 28 U.S.C. §§ 1331, 1441, 1446 and 15 U.S.C. § 2310(d). This Court has

subject matter jurisdiction—and this matter is therefore removable—because Plaintiff David Vautier brings a claim for relief under the Magnuson–Moss Warranty Act ("MMWA") and the amount in controversy exceeds the sum of $50,000.  *See* 15 U.S.C. § 2310(d).

In further support of this Notice of Removal, Defendant alleges as follows:

## BACKGROUND AND PROCEDURAL HISTORY

1.      Plaintiff filed this action in the Burlington County Superior Court, Law Division, as case number L-839-17.  A true and complete copy of the Complaint served upon Defendant is annexed hereto as Exhibit A.

2.      Service of the Complaint was purportedly effectuated on VWGoA on April 20, 2017.  Removal is timely because thirty (30) days have not elapsed since Defendant was served with a summons or initial pleading.  *See* 28 U.S.C. § 1446(b)(1); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 347-48 (1999) (time for removal runs from receipt of formal service of process).

3.      In this action, Plaintiff seeks money damages arising out of his purchase of a Volkswagen vehicle. Plaintiff alleges that he purchased a 2011 Touareg that contained an emissions testing "defeat device" to avoid federal EPA regulations. *See* Compl. ¶¶ 6-11, 25-29

4.      This action is one of over 2,000 actions filed against VWGoA and other entities arising from the two Notices of Violation ("NOV") issued by the United States Environmental Protection Agency ("EPA") relating to the alleged use of undisclosed software in the emissions control system of certain Volkswagen and Audi brand vehicles.  The software allegedly circumvented or defeated the purpose of the emissions test established by the EPA.  This software and its calibrations are called "defeat device" in the pleadings and NOVs.

5.      On December 8, 2015, the Judicial Panel on Multidistrict Litigation ("JPML")

issued an order transferring hundreds of pending actions raising common issues of fact and law

arising from the NOVs to the U.S. District Court for the Northern District of California (Breyer,

J.) for coordinated and/or consolidated pre-trial proceedings. The multidistrict litigation is

entitled *In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability*

*Litigation,* 15-MD-02672 ("MDL").  In its order, the JPML noted that "the actions in this

litigation involve common questions of fact, and ... centralization in the Northern District of

California will serve the convenience of the parties and witnesses and promote the just and

efficient conduct of the litigation."  Subsequently-filed actions, including an action filed by the

United States at the request of the EPA Administrator, and an action by the Federal Trade

Commission have been filed in or transferred to the MDL.  An MDL proceeding conserves the

resources of the litigants and promotes judicial economy relating to these issues.

6.      As set forth below, Plaintiff's claims are properly removable to this Court and

should be adjudicated in the MDL involving the same factual allegations and the same questions

of law concerning "defeat devices" and emissions compliance.

7.      Upon removal, this case will be immediately tagged for transfer to the MDL.[1]

---

[1] A consumer class action settlement involving Volkswagen 2.0 TDI vehicles was established, which included Plaintiff's vehicle.  According to the Complaint, Plaintiff opted out of the settlement (*see* Opt-Out Notice attached to Complaint). Nevertheless, his action belongs in the remaining MDL, so that the pre-trial proceedings of this case can be conducted along with the hundreds of other cases still in the MDL involving the same or similar factual allegations.

**BASIS FOR REMOVAL JURISDICTION**

**Jurisdiction Under The Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)**

8.      Plaintiff's Complaint includes a claim for relief under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*  This federal statute provides an independent basis for removal jurisdiction.

9.      Under the MMWA, federal district courts have original jurisdiction over actions where the amount in controversy is $50,000 or more "computed on the basis of all claims to be determined in this suit."  *See* 15 U.S.C. § 2310(d).

10.      The Complaint seeks the contract price of the vehicle, including registration charges, documents fees, sales tax, finance and bank charges, totaling an unspecified amount "more than $30,000." Compl. ¶ 5 (emphasis added).  Although the Complaint does not allege the precise amount paid by Plaintiff, VWGoA's Order Guide and Pricing reflects that the price for a 2011 Touareg TDI ranges from $47,950 to $57,500, plus an $820 destination charge, exclusive of any additional options available to consumers.  *See* Exhibit B; *Frederico v. Home Depot,* 507 F.3d 188, 197 (3d Cir. 2007) (holding that in addition to looking at plaintiff's complaint, a court may also rely on a defendant's notice of removal in determining the amount in controversy). In addition, the Complaint seeks additional incidental, consequential and other collateral damages. Compl. Wherefore clause.  Therefore, $50,000 is in controversy and jurisdiction under the MMWA is met. *See Parks v. Volkswagen Group of America, Inc., et al*, No. 2:16-cv-00202-PD (denying plaintiff's motion for remand and plaintiff's argument that the jurisdictional threshold under the Act was not met) (a copy of the Court's Order dated February 23, 2016 is attached hereto as Exhibit C); *Rhile v. Volkswagen Group of America, Inc., et al,* No. 2:16-cv-00203-WB

(denying Plaintiff's motion for remand under the MMWA) (a copy of the Court's Order dated February 9, 2016 is attached hereto as Exhibit D).

## REMOVAL TO THE DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY IS PROPER

11.     This Notice of Removal is being filed within thirty (30) days after Defendant received a copy of the Complaint that was filed by Plaintiff in the Superior Court of New Jersey, Burlington County, Law Division.

12.     Defendant has not filed a responsive pleading in the action commenced by Plaintiff and no other proceedings have transpired in the action.

13.     This Notice of Removal is being filed in the District of New Jersey, the district court of the United States for the district and division within which the state court action is pending, as required by 28 U.S.C. §§ 1446(a) and 1441(a).

14.     Promptly after filing this Notice of Removal with the District Court for the District of New Jersey, a copy of this Notice of Removal, along with the Notice of Filing of Notice of Removal, will be filed with the Clerk of the Superior Court of New Jersey, Burlington County, Law Division pursuant to 28 U.S.C. § 1446(d).  A copy of both documents will also be served upon Plaintiff. A copy of the letter notifying the Clerk of the New Jersey Superior Court, Middlesex County, Civil Division, of removal from state court, is annexed hereto as Exhibit E.

15.     This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

**WHEREFORE,** Defendant respectfully requests that this action be duly removed from

the Superior Court of New Jersey, Burlington County, Law Division, to this Court.


Dated: May 18, 2017                    By: s/ Natalie M. Lefkowitz__
                                       Jeffrey L. Chase, Esq. (JLC 4476)
                                       Natalie M. Lefkowitz, Esq. (NML 5733)
                                       Shimon Sternhell, Esq. (SS 9783)
                                       **CHASE, KURSHAN, HERZFELD & RUBIN, LLC**
                                       354 Eisenhower Parkway, Suite 1100
                                       Livingston, New Jersey 07039
                                       Telephone: (973) 535-8840
                                       Facsimile:   (973) 535-8841

                                       *Attorneys for Defendant*
                                       *Volkswagen Group of America, Inc.*